UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:20-cr-15-T-33SPF

GALVESTON WITHERSPOON

_____/

## ORDER

This cause is before the Court pursuant to pro se Defendant Galveston Witherspoon's Motion to Revise Guidelines (Doc. # 21), and Motion to Facilitate Housing (Doc. # 22), both filed on July 9, 2020, and his Motion for Home Confinement (Doc. # 25), filed on August 13, 2020. The United States responded to the Motion to Revise Guidelines and the Motion to Facilitate Housing on July 31, 2020 (Doc. # 24), and to the Motion for Home Confinement on August 28, 2020. (Doc. # 27). For the reasons set forth below, all three motions are denied.

## I.   Background

On July 7, 2020, the Court sentenced Witherspoon to 11 months' imprisonment for seven violations of supervised release. (Doc. # 20). Witherspoon is 34 years old and his projected release date is May 3, 2021. (Doc. # 25 at 1).

Witherspoon is currently housed at the Pinellas County Jail. (Id.)

In the Motion to Revise Guidelines, Witherspoon appears to request that the Court reconsider his sentence. (Doc. # 21). In the Motion to Facilitate Housing, Witherspoon appears to request that he remain housed at the Pinellas County Jail. (Doc. # 22). In the Motion for Home Confinement, Witherspoon requests that he be placed on home confinement in light of the COVID-19 pandemic. (Doc. # 25). The United States has responded to the motions. (Doc. # 24, 27). The motions are ripe for review.

## II.  Discussion

### A. Request to Revise Guidelines

To the extent that Witherspoon's Motion to Revise Guidelines is construed as a motion to reconsider his sentence, it must be denied. "Generally, a district court may not modify a term of imprisonment once imposed[.]" United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). However, under 18 U.S.C. § 3582(c), a district court may modify a defendant's sentence: (1) upon the motion of the Director of the Bureau of Prisons or after the defendant has fully exhausted administrative remedies under certain circumstances; (2) to the extent permitted by statute or under

2

Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has made a reduction in guideline range retroactive. 18 U.S.C. § 3582(c). None of these situations are applicable here, and Witherspoon does not allege as much. (Doc. # 21). Indeed, Witherspoon does not provide any adequate reason why his sentence should be reconsidered, let alone modified. (Id.). Therefore, the Court does not have authority to modify Witherspoon's sentence and his Motion to Revise Guidelines must be denied. See Nettles v. United States, No. 7:03-cr-22(HL), 2009 WL 273855, at *1 (M.D. Ga. Feb. 4, 2009) (denying a motion to reconsider sentence because none of the § 3582(c) situations applied).

   B. **Housing Requests**

Although not entirely clear, in his Motion to Facilitate Housing, Witherspoon appears to request that he continue to be housed at the Pinellas County Jail in order to remain close to family. (Doc. # 22). And, in his Motion for Home Confinement, Witherspoon requests that the Court place him in home confinement due to the COVID-19 pandemic. (Doc. # 25).

However, the Court has no authority to direct the Bureau of Prisons to continue to house Witherspoon at the Pinellas County Jail or to place him in home confinement because such decisions are committed solely to the BOP's discretion. See

3

<u>United States v. Calderon</u>, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. <u>See</u> <u>Tapia v. United States</u>, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, both of Witherspoon's housing requests fall outside the Court's grant of authority and must be denied.

### C. **Request for Compassionate Release**

To the extent that Witherspoon's Motion for Home Confinement is also construed as a motion for compassionate release because of the COVID-19 pandemic, the United States argues that it should be denied (1) because Witherspoon has failed to exhaust administrative remedies and (2) on the merits. (Doc. # 27 at 1). The Court agrees with the United States that Witherspoon has failed to exhaust his administrative remedies.

4

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Witherspoon does not argue, let alone allege that he has exhausted his administrative remedies before filing the Motion, as required under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Witherspoon does not allege that he has exhausted his administrative remedies. (Doc. # 25). Nor has he provided

documentation showing that he has made any request to the warden of his facility for compassionate release or appealed the denial of a request for compassionate release with the prison. (Id.).

Thus, Witherspoon has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020) ("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief."); United States v. Elgin, No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571, at *3 (N.D. Ind. May 23, 2019) (requiring that the inmate appeal the Warden's denial of relief to fully exhaust her administrative remedies).

Therefore, Witherspoon's Motion must be denied. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) (denying motion for release to home confinement due to COVID-19 and explaining

6

that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); <u>United States v. Miller</u>, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Galveston Witherspoon's pro se Motion to Revise Guidelines (Doc. # 21) is **DENIED**

(2) Witherspoon's pro se Motion to Facilitate Housing (Doc. # 22) is **DENIED.**

(3) Witherspoon's pro se Motion for Home Confinement (Doc. # 25) is **DENIED** to the extent that it seeks release to home confinement and **DENIED** without prejudice to the extent that it seeks compassionate release.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

<u>14th</u> day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8